```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

PAUL HALLORAN & JANIS HALLORAN,   )
     Plaintiffs,                  )
                                  )
     v.                           )    C.A. No. 13-10149-MLW
                                  )
BANK OF AMERICA, N.A. and         )
BAC HOME LOANS SERVICING, L.P.    )
     Defendants.                  )
```

## ORDER

WOLF, D.J.                                                              March 26, 2014

For the reasons explained in detail in court on March 25, 2014, it is hereby ORDERED that defendants' Motion to Dismiss the Complaint (Docket No. 8) is ALLOWED as follows:

1. Count I (Breach of Contract) is DISMISSED WITHOUT PREJUDICE because the complaint does not state the contracts and provisions allegedly breached by the defendants. See Doyle v. Hasbro, 103 F.3d 186, 195 (1st Cir. 1996) ("The amended complaint fails to state the nature of the alleged contract with any specificity. There is no presentation of the terms of the contract, its duration, or even when it was formed. Nor does the Amended Complaint explain what obligations were imposed on each of the parties by the alleged contract."); Buck v. American Airlines, Inc., 476 F.3d 29, 38 (1st Cir. 2007) (In a contract action, "this irreducible minimum requires the pleader to explain what obligations were imposed on each of the parties by the alleged contract.").

2. Counts II, III, and IV (Violation of Mass. Gen. Laws ch. 93A) are DISMISSED WITH PREJUDICE because these claims accrued in

2006, when the refinancings occurred and were, therefore, barred by the four-years statute of limitations, established by M.G.L. ch. 260, §5A, when the complaint was filed in November, 2012. See Broedrick v. PNC Financial Services Group, Inc., 919 F. Supp. 2d 178, 181 (D. Mass. 2013) (Tauro, J.) (holding that cause of action accrued when plaintiff entered into the allegedly improper loan); Okoye v. Bank of New York, C.A. No. 10-11563-DPW, 2011 WL 3269686, at *4 (D. Mass. July, 28, 2011) (Woodlock, J.) (holding that plaintiffs' Chapter 93A claims were time-barred as the cause of action accrued when the loans originated). Moreover, assuming, without finding, that the discovery rule applies to these claims, they are time-barred. Based on the allegations in the complaint, no reasonable jury could find that plaintiffs were not on the required inquiry notice by June, 2008, by which time plaintiffs short sold their Warner Street property and the Granite Street property had been sold in a foreclosure sale. See McIntyre v. United States, 367 F.3d 38, 52 (1st Cir. 2004) ("Under the discovery rule, a claim accrues when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the factual basis of the cause of action."); Cambridge Plating Co., Inc., v. Napco Inc., 991 F.2d 21, 28-29 (1st Cir. 1993) ("The [discovery] rule does not suspend the running of the limitations period pending confirmation of the plaintiff's injury or its cause, but simply stops the clock until the occurrence of an event or events that were reasonably

likely to put the plaintiff on notice that someone may have caused her injury.").

3. Count V (Breach of Implied Covenant of Good Faith and Fair Dealing) and Count VI (Breach of Mortgagee's Duty of Good Faith, Diligence, and Fair Dealing) are DISMISSED WITHOUT PREJUDICE because the complaint fails to specify a contract or the provisions of it that would establish an obligation to refinance the mortgages. See MacKenzie v. Flagstar Bank, FSB, 738 F.3d 486, 493 (1st Cir. 2013); ("the implied covenant of good faith cannot create rights and duties not otherwise provided for in the existing contractual relationship."); Young v. Wells Fargo Bank, N.A., 717 F.3d 224, 237 (1st Cir. 2013) ("The concept of good faith is shaped by the nature of the contractual relationship from which the implied covenant derives and the scope of the covenant is only as broad as the contract that governs that particular relationship.").

4. Counts VII and VIII (Tort Claims) are DISMISSED WITH PREJUDICE because as plaintiffs agree, they are barred by the three-year statute of limitations as established by M.G.L. ch. 260, §2A.

                                        /s/ Mark L. Wolf
                                   UNITED STATES DISTRICT JUDGE